May 30, 1904.

———o———

## No. 3367.

### (Court of Appeal, Parish of Orleans.)

## MRS. DESIREE BAKER, WIFE OF W. H. JEWELL vs W. H. JEWELL.

1. An order for alimony is indeterminate as to duration and amount, is under the control and subject to the discretion of the judge, and even if included in a final judgment, it remains an interlocutory order subject to modification or revocation by the judge who is vested with the manner of its execution.

2. Until an order for a writ of fi fa, issues, there is no judgment for a specific sum from the inscription of which there can result a judicial mortgage.

Appeal from Civil District Court, Division A.

F. L. Richardson, Gurley and Mellen, Plaintiff.

A. Sambola and Henry Mooney, Curators ad hoc.

Fenner, Henderson & Fenner, for Hart Land and Improvement Co., Appellees.

DUFOUR, J. The Hart Land and Improvement Co. purchaser of one Jewell's right and interest to certain real estate, found recorded in November 1897 against the same a judgment condemning Jewell to pay his wife alimony pendente lite, at the rate of $100 a month from April 1st, 1897.

The company moves for the cancellation of the alleged judgment on the following grounds:

1st. Because it has been paid, satisfied and acquitted.

2. Because it was merely an interlocutory decree rendered during the pendency of a suit for separation from bed and board, which could not operate as a judicial mortgage on the property of the defendant.

3rd. Because the defendant was not legally cited and the judg-

246

ment would have the effect of depriving him of his property without due process of law in contravention of the Constitution of the United States.

The return to the rule, as we glean it from objections in the note of evidence, and the agreement made in this Court substantially urges:

1st. That by the plea of payment plaintiff in rule has admitted the correctness of the judgment and cannot subsequently attack it.

2nd. That the plea that the Court was without jurisdiction is a purely personal plea and cannot be urged by the plantiff in rule.

The first objection is not tenable.

It has been held that "the pleas of payment and want of consideration are not so inconsistent but that they may well stand together for the one does not necessarily suppose the other to be false. A man may pay a note, and not discover until after the payment is made, that the consideration on which he gave it was wanting. 4 U. S. 493.

By parity of reasoning, Jewell may have paid the judgment without knowing that it was rendered without legal citation, and still greater latitude in pleading should be allowed a third party who is in the dark as to previous occurrences, than is granted to the debtor himself.

As to the second point, we see no good reason why a third person should not have the right to question the validity of a judgment which is invoked as bearing a judicial mortgage on his property.

We now pass to the second ground urged by the mover as the proper one upon which to rest our conclusion. An order for alimony is indeterminate as to duration and amount, is under the control and largely subject to the discretion of the Judge, and, even if included in a *final* judgement, it remains an interlocutory order subject to modification or revocation by the judge. (45 An. 717) who is exclusively vested with the manner of its execution.

We do not consider such a judgment as susceptible of being executed without an order of the Court making it executory.

In Compton vs Airial 9 An. 496, the plaintiff applied to the clerk for a fi fa, for alimony decreed her by the Court, from a judgment refusing to mandamus the clerk to do so, an appeal was taken to the Supreme Court which, in affirming the Judgment said:

"Of the right of the party to enforce the decree for alimony rendered in her favor, there can be no question. But we consider the correct practice to be that the party should address himself to the Court which rendered the decree xxxx Thereupon the Court may, in its discretion, properly render an execution for the arrears of alimony unpaid.

That order would be a guide to the clerk in issuing a fi fa, which writ must necessarily express some *definite* sum. In the pre-

sent case, there is no allegation xxxx of any application to the Court for an order for a *fieri facias*".

Until such an order has been had from the district judge, we do not feel able to say whether he would have allowed the whole of the amount, part of it or none of it, it may well be assumed that he would have been guided by the circumstances presented at the time of the application.

It may be that a settlement of the community in a certain way might lead him to revoke the order for alimony, or that he might find the amount awarded inadequate or unnecessary or excessive. Therefore no definite sum can be assumed as representing a claim for alimony until, on application for a fi fa, the Court names a specific sum for which there shall be execution. Until execution issues, the amount due remains inchoate and in abeyance, and no judicial mortgage, within the intendment of Art. 3321 C. C. results from the inscription of the judgment unless such judgment be for a *definite and specific* sum, and whether it be final or provisional.

The analogy suggested by respondent of tacit mortgages formerly obtaining recognition, though indeterminate, is not apt, thus, a minor's mortgage can be enforced only after the tutor's functions terminate, and only for the amount judicially ascertained to be due at that time, until such judgment is rendered as declares a specific sum to be due, it operate as a *legal* and not a *judicial* mortgage; such is not the case with a decree for alimony arising, *not by operation of law*, but by judicial action, and which may be amended or revoked until its execution has been ordered. The remedy is in the hands of the Judgment creditor.

The judgment herein must be either in *personam or in rem*, there is no other known to the law. Therefore we have discussed on the *theory* advanced by respondent that the Court, in a matter of marital status, had jurisdiction to render as an inseparable incident to the suit the decree for alimony, (a question not intended to be now passed on), and our conclusion is that no mortgage resulted from the judgment, because it was indeterminate. Should on the other hand, the theory that the proceeding is *in rem*, be urged the registry of the judgment would not have created a mortgage, because there was no seizure of property, which, alone could invest the Court with jurisdiction. 39 An. 1112.

Judgment reversed, rule made absolute, and it is now ordered that the inscription of the judgment herein described be cancelled so far as it affects any property purchased by the Hart Land and Improvement Co, Ltd, respondents to pay costs of both Courts.

Filed May 30th, 1904.

Rehearing refused June 23rd, 1904.

Writ of review &c. grantad by Supreme Court July 12, 1904.